UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMES BROWN,<br><br>            Plaintiff,<br><br>    v.<br><br>ZYMEY INDUSTRIES, et al.,<br><br>            Defendants. | Case No. 1:22-cv-00712-AWI-SKO<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DIMISSAL<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE<br><br>ORDER VACATING SCHEDULING CONFERENCE |

Plaintiff Jeremy James Brown is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed his complaint on June 14, 2022. (Doc. 1). Upon review, the Court concludes that the complaint is deficient.

1

Plaintiff has the following options as to how to proceed. Plaintiff may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order. The third option is that Plaintiff may file a notice of voluntary dismissal of this action so that he may pursue his case in state court. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.     SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri*

*v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using the general complaint form provided by this Court. The complaint lists two defendants, Ahmad Foroutanaliabad and Zymey Industries. (Doc. 1 at 2.) Plaintiff states that subject matter jurisdiction is based on federal question. (*Id*. at 3.) The section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated is blank. (*Id*. at 4.) The statement of claim section of the complaint states "Ahmad Foroutanaliabad fraudulently had me sign an Invention Assignment Agreement thinking it was a Non-disclosure Agreement at the start of my employment. He then transferred ownership of Invention from Zymey Industries into his name, then made my work environment impossible to work in so I would quit." (*Id*. at 5.) In the "Relief" section of the complaint, Plaintiff writes: "I'm still suffering as a result of Ahmad [sic] actions. I invented something that he agreed to pay me for. He also agreed to give me credit for my inventions while reimbursing me an amount that is reasonable. Now I can hardly weld for a company. And have back issues." (*Id.* at 6.)

## III.   DISCUSSION

**A.   Plaintiff Has Not Pleaded Any Cognizable Federal Claims**

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the

district court. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp*., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc*., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v. Atlas Global Group, L.P*., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state ... as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each

4

defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, the complaint asserts that the court has federal question jurisdiction over this action. However, liberally construed, Plaintiff alleges Defendant Foroutanaliabad fraudulently obtained assignment of an invention to Defendant Zymey Industries, causing Plaintiff harm. At best, this alleges a claim(s) under state law for fraud, breach of contract, and/or breach of fiduciary duty. Such allegations do not give rise to any federal claim.

The only allegation that could present a federal question is that Defendant Foroutanaliabad "made [Plaintiff's] work environment impossible to work in so [he] would quit." Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e *et seq*. ("Title VII") imposes liability for creating a hostile work environment. To state a hostile work environment claim under Title VII, Plaintiff must allege that he was subjected to unwelcome verbal or physical conduct on the basis of either his race, color, religion, sex, or national origin that was sufficiently severe or pervasive to alter the condition of his employment and create an abusive work environment. *See Kang v. U. Lim Am., Inc*., 296 F.3d 810, 817 (9th Cir. 2002). Here, there are no allegations in the complaint that Plaintiff was subjected to verbal or physical conduct on the basis of any protected class membership.

**B.     Leave to Amend Will Be Granted**

For the reasons stated above, Plaintiff's complaint is subject to dismissal. The undersigned has carefully considered whether Plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)); *see also Weilburg v.*

*Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Given the complaint's lack of supporting factual allegations, the undersigned cannot yet determine whether it appears beyond doubt that leave to amend would be futile. Plaintiff will therefore be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if he elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id*. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" *Id*. at 680 (quoting *Twombly*, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint that Plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie Plaintiff's claims.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable federal claims. If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order. Lastly, Plaintiff may file a notice of voluntary dismissal so that he may pursue this action in state court.

## IV. ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a. File a First Amended Complaint;

    b. Notify the Court in writing that he wants to stand on this complaint; or

    c. File a Notice of Voluntary Dismissal of his complaint.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:22-cv-00712-AWI-SKO.

3. Failure to comply with this order may result in the dismissal of this action; and

4. To afford Plaintiff time to comply with this order, the Scheduling Conference set September 20, 2022, is hereby VACATED, to be reset once the pleadings are settled, if appropriate.

IT IS SO ORDERED.

Dated:   **August 1, 2022**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE